CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

January 27, 2020

LETTER TO THE PARTIES

        RE:    *John T. v. Commissioner, Social Security Administration*
                 Civil No. DLB-18-3992

Dear Plaintiff and Counsel:

      On December 28, 2018, Plaintiff John T., who appears *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered Plaintiff's filings[1] and the SSA's motion for summary judgment. ECF 25, 27, 29. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny the SSA's motion and remand the case to the SSA for further evaluation pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Plaintiff protectively filed his claims for benefits on November 17, 2015, alleging a disability onset date of October 15, 2014. Tr. 217-20. His claims were denied initially and on reconsideration. Tr. 137-44, 147-50. An Administrative Law Judge ("ALJ") held a hearing on August 30, 2017, at which Plaintiff was represented by counsel. Tr. 36-66. Following that hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 15-30. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

      The ALJ found that Plaintiff suffered from the severe impairments of "status post prostate cancer; gout; chronic kidney disease; hypertension; obesity; and depression." Tr. 18. Despite this impairment, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> lift, carry, push, or pull 50 pounds occasionally and 25 pounds frequently, sit for six hours in an eight-hour day, and stand and/or walk for six hours in an eight-

---

[1] Plaintiff included a discussion of his physical and mental health disorders and two letters from Mental Health Care Coordinators regarding his participation in psychiatric rehabilitation services. ECF 25, 29.

>hour day. The claimant can frequently balance, stoop, kneel, crouch, crawl, climb ramps, and climb stairs, but he can never climb ladders, ropes, or scaffolds, and he can never tolerate exposure to unprotected heights. The claimant can have occasional exposure to temperature extremes and humidity. He can perform simple, routine tasks and make simple work related decisions. He can have frequent interaction with supervisors and coworkers, but he can have only occasional interaction with the public.

Tr. 22. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff was capable of performing his past relevant work as a material handler, Tr. 28; *see* U.S. Dep't of Labor, *Dictionary of Occupational Titles* § 922.687-058 (4th ed. 1991), and, in the alternative, that Plaintiff could perform other jobs existing in significant numbers in the national economy, Tr. 29-30. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 30.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings).

The ALJ proceeded in accordance with applicable law at the first two steps of the sequential evaluation. The ALJ ruled in Plaintiff's favor at step one and determined that he had not engaged in substantial gainful activity since his application date. Tr. 17; *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Plaintiff claimed prevented him from working, finding his status post prostate cancer, gout, chronic kidney disease, hypertension, obesity, and depression to be severe. Tr. 18; *see* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The ALJ determined that Plaintiff's history of alcohol abuse, obstructive sleep apnea, acute cholecystitis, and diabetes were not severe impairments because "they are treated with medication, intermittently symptomatic or asymptomatic, resolved with treatment, or otherwise cause no more than minimal effects on the claimant's ability to perform basic work activities." Tr. 18. Similarly, Plaintiff's hyperaldosteronism was "expected to resolve with surgery." *Id*.

At step three, the ALJ determined that Plaintiff's physical and mental impairments did not meet or medically equal the criteria of any listings. Tr. 18-21; *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Regarding Plaintiff's physical impairments, the ALJ identified and considered Listings 6.05 (chronic kidney disease), 13.24 (prostate gland – carcinoma), and 14.09 (inflammatory arthritis). Tr. 18-19. Because hypertension and obesity are not listed impairments, the ALJ considered Plaintiff's hypertension under the listings for the cardiovascular system and Plaintiff's obesity under Social Security Ruling 02-01p. Tr. 18-19.

The ALJ evaluated Plaintiff's depression under Listing 12.04 (depressive, bipolar and related disorders). Tr. 19-21. The ALJ had to apply the special technique applicable to mental

impairments. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00 (2018). The technique requires analysis of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* § 12.00(A), (G). A claimant's impairment meets Listing 12.04 by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A)(2). Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. 20 C.F.R. § 416.920a(c)(4). A claimant must show extreme limitation in one area, or marked limitation in two areas, to be deemed to have met the paragraph B criteria. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.04(B) (2018).

Here, the ALJ assigned a rating to the paragraph B criteria and found that Plaintiff had a "moderate" limitation in all four functional areas, including the ability to concentrate, persist, or maintain pace. Tr. 20-21.

The ALJ continued with the sequential evaluation and considered, in assessing Plaintiff's RFC, the extent to which his impairments limited his ability to work. In her analysis, the ALJ summarized Plaintiff's subjective complaints from his hearing testimony and provided a detailed review of his medical records. Tr. 22-28. The ALJ noted, among other findings, that "the evidence indicates that compliance with psychotropic medication combined with psychotherapy has been quite effective in reducing his symptoms to a manageable level that allows work activity within the parameters defined in the [RFC]." Tr. 26-27.

The ALJ's decision does not comport with the requirements in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In that case, the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* at 638. That functional area "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(E)(3) (2018). The Social Security regulations define a "moderate limitation" as the "fair" ability to function "independently, appropriately, effectively, and on a sustained basis." *Id.* § 12.00(F)(2). In comparison, a "mild limitation" reflects a slightly limited functional ability, and a "marked limitation" reflects a seriously limited functional ability. *Id*.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence,

and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Here, the ALJ's analysis of Plaintiff's ability to concentrate, persist, or maintain pace is as follows:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation. He alleged he stays in bed and watches television most of the day, and although he can count change, he is unable to concentrate well enough to pay bills or handle bank accounts. He stated he has a short attention span and does not finish tasks he starts or follow instructions well, but he can drive a vehicle, which suggests he can concentrate well enough to reach his destinations and avoid other drivers and hazards on the road. On the other hand, the claimant's group therapy records indicate he is typically engaged in the process, engaging with others and following along with the course of therapy. Despite some fluctuations in attention and concentration due to running out of medication, the mental status examinations of record show the claimant generally has normal cognition, with intact concentration specifically noted in 2017. Based on the overall evidence, I find that the claimant's mental impairment causes no more than moderate limitations in this functional area.

Tr. 20-21 (internal citations omitted). This analysis contains no discussion of Plaintiff's ability to sustain work over a typical workday. The tasks cited by the ALJ – driving a vehicle and engaging in group therapy sessions – are not typically tasks that are sustained over eight-hour, or even two-hour, periods.

In explaining how she arrived at the RFC, the ALJ stated that "[b]ased on the claimant's cognitive and behavioral presentation during therapy sessions and mental status examinations throughout 2015, 2016, and 2017, combined with the efficacy of medication and therapy in reducing his psychiatric symptoms, I find that he can perform simple, routine tasks and make simple work related decisions." Tr. 26. These limitations are directly analogous to the limitations deemed insufficient in *Mascio*. 780 F.3d at 638 (quoting *Winschel,* 631 F.3d at 1180) (finding "simple, routine tasks or unskilled work" to be insufficient to address a claimant's moderate limitations in concentration, persistence, or pace).

The ALJ noted that both State agency mental health consultants opined that Plaintiff "might have occasional difficulties performing activities within a schedule or completing normal

work periods without psychological interruptions." Tr. 27 (citing Tr. 75-76, 89-90). The ALJ explained that their opinions were "somewhat vague with regard to the frequency or extent of the claimant's limitations" and that she therefore "assigned additional and more specific limitations based on a preponderance of the complete evidence of record, including the claimant's testimony." *Id*. However, the ALJ did not include an additional or more specific limitation addressing Plaintiff's ability to concentrate, persist, or maintain pace. In the absence of a limitation to accommodate Plaintiff's moderate difficulties maintaining concentration, persistence, or pace, *Mascio* requires that the ALJ explain why no such limitation is required. 780 F.3d at 638. The ALJ has not provided such an explanation here.

In light of the ALJ's inadequate RFC assessment, I need not address whether the remainder of the ALJ's analysis complied with the relevant legal standards. In ordering remand for further consideration by the SSA, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                              Sincerely yours,

                              /s/

                              Deborah L. Boardman
                              United States Magistrate Judge